Junes CbenshaW
delivered the opinion of the Court.
Cole instituted his action of covenant in the Greenup Circuit Court against Hollister and Ross- upon their covenant, which reads as follows :
$3,333 33.
Three years after date we promise to pay A. Code, or order, three thousand three hundred and thirty three 33-100 dollars, which may be discharged in good, merchantable pig metal, ' delivered on the bank in Green-upsburg, at twenty-nine dollars per ton.
L. D. ROSS,
L. HOLLISTER.
February 23d, 1847.
The defendants filed four pleas, to all of which the plaintiff filed demurrers. The Court sustained the demurrers to all the pleas except that of covenants performed ; the plaintiff then withdrew his demurrer to this plea, and filed his replication thereto,, which was joined by defendants. A jury was sworn to try the issue, and a verdict was found for the defendants. The plaintiff made his motion for a new trial, which was •overruled by the Court, and he has brought the case up by writ of error.
Upon ¡the trial it was substantially proved that the defendants about the first of January, 1850, caused to be weighed on .the bank of the river in Greenupsburg, one hundred and fourteen tons, and twenty one hundred and some pounds of good pig iron, for Cole; and that about the 18th of February, one,of the persons who weighed the iron, and who had been requested by *84 Hollister to tell Cole his iron was ready, was at the house' of Cole, and observed to him, “your iron is weighed up,” but did not tell Cole, he was directed by Hollister to give him the information. It was also in proof that, within a few steps of the place where this iron was placed there were ten or twelve tons of other iron belonging to Hollister & Co., and that all the iron weighed up for Cole was still where it had been deposited. Proof was made als'o,“that, about one o’clock on the .23d, day of February, Cole came to Greenupsburg and left about sun set.
Mofford, a witness who said he “hadsold, and had iron to be paid to him,” saw Cole on the 23d of February, and observed to him, “our iron is ready, and yours is-down at the mouth of Sandy.” Jackson another witness, stated, that Cole came to Greenupsburg on the 23d .of- February, 1850, about one o’clock, and told him he had come to town to receive his iron, and “employed him to show and explain the law of the subject ;” that he did so, and told Cole “that he understood his iron had been weighed out for him, and put on the bank near the mouth of Sandy, but, that he thought the-law required defendant or their agent to seek Cole and' ¡make the tender. Cole said he did not believe the defendant had the iron on the bank.” It appeared also in proof, that Hollister & Co., had a house of business in. tire .town of Greenupsburg, and that Joseph H. Collins,, who was there that day, was doing business for them, and that in the conversation between Jaekson and Cole, the fact of Collins being their agent' was spokén of This is all the evidence which- it is necessary to notice, in order to a decision of the question of law presented in the record.
It is as clear to our minds that Colé was satisfied that hisi iron was ready! and that he did not desire to receive it, but, on the contrary wished to evade its reception, and convert it into money, as it is that Hollister & Ross wished to exonerate themselves by the delivery of the iron.
To sustain the-plea of covenant performed to an action of covenant upon a covenant to deliver property at a particular time and place, the proof must show that the obligee by. himself or agent was at the place' on the day of payment, and there remained to the uttermost (Convenient hour .of the day, ready and willing to deliver it, but that the obligor was not theie or refused to accept: (1 Bibb, 426; 2 lb., 269; 41b., 67.)
*85 The proof fully establishes the fact, that one huii-dred and fourteen tons, and twenty one hundred and some pounds of good pig iron were weighed and placed on the bank in Greenupsburg for Cole, about the first day of January, 1850; that it had rernaiñed there till the trial in the Court below, and that Cole, about the 18th of February, 1850, was informed that it was there, and also on the 23d of February, the day on which the covenant became due.
Will this proof sustain the plea of covenant performed? Will the mere fact of having the requisite quantity and quality of iron weighed, and deposited on the bank, and the fact that the obligee was informed of it by persons who disclosed no authority to give the information, amount to a performance of the covenant? Could any act on the part of Hollister & Ross, not sufficient to divest them of their right to the iron, and to vest it in the obligee, amount to a performance? Clearly not. And the facts enumerated would certainly not vest the iron in Cole. Hollister & Ross could, in our opinion, have gone at any time after the iron had been placed on the bank, and removed it, without incurring any responsibility to Cole. It was still their iron, and he could dispose of it as he thought proper.
And, to determine that theobligors had made a sufficient defence to the action by proof which did ndt show a divestiture of their right of property in the irdn, would be, to determine that they had kept their covenant and could keep their iron also. •
Had the plea been one of tender, instead of covenants performed, the proof, in order to sustain it, must have showu substantially that, on the 23d day of February, 1850, not only the proper quantity and quality of iron had been weighed and set apart for the obligee on the bank in Greenupsburg, but, that the obligors, by themselves or agent were there with it at the “uttermost convenient hour” of that day, ready and willing to deliver it, but that the obligee refused to accept it, or failed to attehd to it. See 1st Bibb, 452 ; 2d Pibb, 269; 4th Bibb, 67.
AppersQjL for plaintiff; Andrews & Cox for defendants.
There was no proof in this case that Hollister and Ross, or either of them, or any one for them, were there with the iron on that day, ready and willing to deliver it. According to the testimony, the iron had been merely weighed and left on the bank, and that, in proximity to another pile of iron; and, without any one there to point it out, and tender it to Cole; had he come to the place to receive it, how could he ascertain what iron had been weighed out for him, or whether Hollister and Ross were then willing for him to take it?
Without deciding whether under the plea of covenants performed, the obligors could discharge themselves by proof which would sustain a good plea of tender, we are satisfied that the proof in this case is neither sufficient to sustain the plea of covenants performed, nor a plea Of tender.
The first, second, and third instructions, asked by the plaintiff, and refused by the Circuit Court, being (Consistent with the foregoing views, and the instruction ;given being inconsistent with them, it results that the (Court erred in overruling the plaintiff’s motion for a ,pe,w trial.
We deem it unnecessary to say anything in reference (to the fourth instruction, moved by the plaintiff,, except that we regard it as inappropriate.
Judgment reversed, and cause remanded, with instructions that the verdict and judgment herein be set aside, and a new trial granted.